_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

9:40 am, Oct 21 2022

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF 3911 Noyes Circle, Apartment 101, Randallstown, Maryland 21133** | **Case No.** _____ 1:22-mj-02889-MJM |
| **IN THE MATTER OF THE SEARCH OF black Lexus sedan, bearing Maryland registration 29236CK and VIN number: JTHBW1GG4E2057750** | 1:22-mj-02890-MJM |

<u>**AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS**</u>

  I, Special Agent Jeffrey Kelly of the Federal Bureau of Investigation ("FBI") being duly sworn, depose and state as follows:

<u>**INTRODUCTION**</u>

1.  I submit this affidavit in support of search warrants authorizing the search of:

  a. 3911 Noyes Circle, Apartment 101, Randallstown, Maryland 21133, the residence where investigators located SHAWN HILL, further described in Attachment A-1 ("TARGET LOCATION 1"); and

  b. a black Lexus sedan, bearing Maryland registration 29236CK and VIN number: JTHBW1GG4E2057750, which is used by SHAWN HILL and is currently parked in front of 3911 Noyes Circle in Randallstown, Maryland, and registered to SHAWN HILL, further described in Attachment A-2 ("TARGET VEHICLE").

2.  As a result of the ongoing investigation, more fully described below, there is probable cause to believe that the TARGET LOCATION 1 and the TARGET VEHICLE contain evidence, fruits, and instrumentalities of the following federal criminal offenses: Felon in Possession of a Firearm/ammunition, 18 U.S.C. § 922 (g)(1); Possession with Intent to Distribute Controlled and Dangerous Substances, 21 U.S.C. § 841 (a); Conspiracy to Possess with Intent to

Distribute Controlled Dangerous Substances, 21 U.S.C. § 846 (the "Subject Offenses") as listed in Attachment B.

## AFFIANT BACKGROUND

3.      I am an "investigative or law enforcement officer . . . of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

4.      I am a duly sworn member of the FBI and have been so employed since September 4, 2016. On September 16, 2018 I became a Special Agent and have been assigned to the Baltimore Division of the FBI, Safe Streets Task Force, in Baltimore, Maryland. While employed by the FBI, I have actively participated in investigations of criminal activity, including but not limited to investigations of various violent crimes and drug distribution cases. During these investigations, I have participated in the execution of search warrants and the seizure of evidence, including evidence related to these activities. These investigations have resulted in the arrest and conviction of individuals responsible for committing these crimes.

5.      I have participated in numerous investigations targeting violent Drug Trafficking Organizations (DTOs) operating throughout Baltimore City. I have conducted covert surveillance of suspected narcotics traffickers and violent offenders. I have interviewed defendants who have been charged for violations under Title 18 and Title 21. Through my knowledge, training, and experience, I have become familiar with the manner in which illegal firearms/narcotics are transported, stored, and distributed, and the manner in which firearms/narcotics traffickers and possessors communicate with one another.

6.      From my training, knowledge, experience, and conversations with other agents and officers, I am familiar with the manner in which illegal firearms/narcotics are transported, stored, and distributed, and with the methods of payment for such.

7.      Based upon that training and experience, I have learned the following:

   a.  Firearm possessors/narcotics traffickers keep and maintain records of their various activities.  Such records are regularly concealed in a suspect's automobile, residence, office, and on his person, and that they take various forms.  Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of firearms or other such documents which will contain identifying data on the co-conspirators. These items are kept in locations that are considered safe by the drug traffickers such as safety deposit boxes, residences, vehicles and on their person, where they have ready access to them. Firearms traffickers often have several residences decreasing the likelihood of detection by law enforcement;

   b.  Firearm possessors/narcotics traffickers may use computers or other electronic storage media, including smart phones, to store the records of documents listed in paragraph a;

   c.   Firearm possessors/narcotics traffickers maintain on hand large amounts of cash to maintain and finance their firearms business, which is typically concealed in their residences or vehicles along with  financial instruments and evidence of financial transactions relating to firearms trafficking activities;

   d.  Firearm possessors/narcotics traffickers use cellular telephones, pagers and other electronic communications devices to facilitate their activities. The electronically stored information on these devices is of evidentiary value in identifying other members of related drug or murder for hires conspiracies and establishing the relationship between these individuals, including photographs and other identifying information stored on these devices; and

   e.  Narcotics traffickers commonly possess firearms and other weapons to protect and secure their firearms and money from loss to law enforcement agents or other members of the criminal element that are motivated by greed.

8.      The information contained in this Affidavit is based upon my personal knowledge, my review of documents, interviews with witnesses and other evidence and my conversations with

other law enforcement officers and other individuals. This affidavit does not contain all of the information known to me regarding this investigation. I have included in this affidavit only the facts, which I believe, are sufficient to support a probable cause finding for the issuance of the requested search warrant. I have not, however, omitted any information that would defeat a determination of probable cause. In addition, the summaries do not include references to all statements made on the topics that are described. All quotations from recorded conversations are based upon the affiant having personally listened to the recordings. This affidavit is not intended to include each and every fact and matter observed by me or known to the government.

### **PROBABLE CAUSE**

9.      In or around September 2021, the FBI began an investigation that led to the identification of a drug trafficking organization (DTO) believed to be involved in the selling of heroin and/or fentanyl and crack cocaine at a "drug shop" located in the 5200 Cuthbert Avenue in Baltimore, Maryland. A "drug shop" is a term used in Baltimore City to refer to a location where a group of individuals sell heroin and/or fentanyl or crack cocaine. Based on the investigation to date, law enforcement officers have learned that a majority of the street-level narcotics distribution conducted by this DTO have occurred in an opening in the fence that connects the rear parking lot of Super Express Thrift Store and the 5200 block of Cuthbert Avenue. Based on video surveillances, confidential source information and multiple controlled purchase in relation to this "drug shop," I believe this DTO sells both suspected heroin and/or fentanyl and suspected crack cocaine. Throughout the course of this investigation, law enforcement officers have identified Daeshawn BLOUNT, Javon ARRINGTON, Calvin COLEMAN, Alontae KELLY, Frazier WALLACE and Shawn HILL, and others yet unknown to be members of this DTO.

10.     On March 4, 2022, the Honorable Judge Deborah Boardman, United States District Court Judge for the District of Maryland, authorized the interception of wire communications over BLOUNT's telephone. Since March 4, 2022, investigators have continued to seek authorization and have received authorization to intercept wire communications over additional DTO members' telephones. On July 6, 2022, the Honorable Judge Deborah Boardman approved the wire interception of four telephones, one of which belonged to and is being utilized by Shawn HILL.

11.     On July 7, 2022, investigators intercepted a call on HILL's line, during which investigators believed HILL to be in possession of a firearm. Investigators located the TARGET VEHICLE in the Woodlawn area of Baltimore County. Investigators followed the TARGET VEHICLE to downtown Baltimore where they located the vehicle parked and unoccupied. In plain view, officers observed a clear plastic bag containing a white rock like substance. HILL would later be observed exiting a night club and was stopped by Baltimore City Police Officers. On HILL's person were keys to the TARGET VEHICLE. A search of the vehicle led to the recovery of a plastic bag containing a white rock like substance, which later tested positive for cocaine base. A firearm was also recovered under the driver seat of the TARGET VEHICLE. HILL was arrested on state charges, and the vehicle was towed.

12.     On August 23, 2022, HILL contacted the affiant regarding the TARGET VEHICLE. HILL traveled to the FBI Baltimore Field Office where he met with the affiant and was provided with the keys to the TARGET VEHICLE.

13.     On September 29, 2022, Shawn HILL, Daeshawn BLOUNT, Javon ARRINGTON, Calvin COLEMAN, Dominick CHASE, Alontae KELLY, and Frazier WALLACE were indicted by a federal grand jury for Felon in Possession of a Firearm/ammunition, 18 U.S.C. § 922 (g)(1); Possession with Intent to Distribute Controlled and Dangerous Substances, 21 U.S.C. § 841 (a);

Conspiracy to Possess with Intent to Distribute Controlled Dangerous Substances, 21 U.S.C. § 846. United States Magistrate Judge Matthew J. Maddox authorized arrest warrants for these individuals, to include HILL.

14.     On October 5, 2022, Agents executed an arrest warrant for HILL at the TARGET LOCATION. FBI investigators forced entry to the apartment and observed HILL coming from the bathroom area. Pursuant to the arrest warrant, HILL was arrested. There were no additional occupants within the apartment besides HILL at the time of the arrest.

15.     In the same area that HILL was observed coming from, FBI investigators observed within plain view on the bathroom floor, lying on the bathroom floor next to the toilet, one tied-off plastic bag containing a white powder like substance with chunks, suspected cocaine. Based on my training and experience, I believe the bag contains cocaine. Investigators found inside the toilet, three additional tied-off plastic bags containing a white powder like substance, suspected cocaine, packaged in the same manner as the previously-described bag found on the bathroom floor. Investigators believe that HILL was trying to hide the drugs by flushing them down the toilet.

16.     FBI investigators retrieved a pair of pants for HILL to wear during transport. However, prior to giving the pants to HILL the pants were searched and two sets of keys were found within the pants pocket, one of which had a Lexus key fob, two separate folds of United States currency in various denominations, and a tied-off plastic bag containing white rock-like substance, believed to be suspected crack cocaine. Investigators observed the TARGET VEHICLE on October 4, 2022, at approximately 10:12 p.m. parked in front of the TARGET LOCATION. On October 5, 2022, at approximately 2:30 a.m., the TARGET VEHICLE was parked in the same

location as the earlier observation, in the same parking spot. It appeared that the vehicle had not moved.

17.     Additionally, the controlled dangerous substances located were packaged in a manner indicative of the intent to distribute. While the currency was not counted or manipulated further at this time, it appeared to be a variety of denominations. I believed the money was likely from drug proceeds.

18.     Following the arrest of HILL and the recovery of the suspected controlled dangerous substances in plain view, at approximately 8:55 a.m., a K9[1] scan was conducted on the TARGET VEHICLE. The K9 provided a positive indication for the presence of controlled dangerous substances within the TARGET VEHICLE.

19.     During the time that the K9 was scanning the TARGET VEHICLE, HILL was being questioned at the FBI Baltimore Field Office by investigators. HILL was questioned regarding the controlled dangerous substances observed in the TARGET LOCATION. HILL confessed that the suspected controlled dangerous substances was in fact cocaine. HILL then confessed that he believes there may be four small baggies of cocaine located within the TARGET VEHICLE.

20.     Based upon the discovery of the suspected controlled dangerous substances in plain view, and the observations made by the investigators, it is believed that the TARGET LOCATION and TARGET VEHICLE still contain evidence of the Subject Offenses.

## **CONCLUSION**

---

[1] K9 Miki is certified in the detection of marijuana, cocaine, MDMA, Methamphetamine and heroin. The K9's most recent certification was in April of 2022.

21.     Based on the foregoing, I submit that there is probable cause to believe that within the TARGET LOCATION and TARGET VEHICLE, there are fruits, evidence and instrumentalities of the above-described Subject Offenses, as described in Attachment B.

22.     WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue search warrants for TARGET LOCATION and the TARGET VEHICLE. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Jeffrey Kelly
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this _5th_____ day of October, 2022

The Honorable Matthew J. Maddox
United States Magistrate Judge
District of Maryland

